### JAMES H. HALLIDAY
#### v.
### THE ST. PAUL FIRE AND MARINE INSURANCE COMPANY.

*Fire Insurance—Cancellation—Condition—Notice.*

In an action on a policy of fire insurance, this court holds there can be no recovery, owing to the carrying of other insurance on the property in question without notice.

#### [Opinion filed June 15, 1889.]

IN ERROR to the City Court of East St. Louis, St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Mr. William P. Launtz, for plaintiff in error.

Mr. L. H. Hite, for defendant in error.

Reeves, J.  This suit was brought to recover a loss by fire under a policy of insurance issued by appellee to appellant.  The general issue was pleaded and an agreement made by the parties that either party might introduce at the trial any evidence that would be proper, without regard to the form of the pleading, saving to each party the right to object to the competency of any evidence offered.

The defense was that appellant represented to appellee's agent that he had surrendered a policy he held on the property proposed to be insured, in the Continental Insurance Company, and on the strength of this assurance, the agent of appellee wrote the policy sued on.  It was also claimed that appellant claimed that he held the fee simple title to the premises on which the building insured was situated, and that this was not true.  We shall confine our examination of the record to the first point of the defense.

Appellant does not deny that he held a policy on the same property in the Continental company but claims that the Continental company had notified him that it would not carry his insurance any longer and had directed him to send in his policy, which he had done, and that he informed appellee's agent of these facts when he applied to him for insurance in appellee's company.  He admits that after he had secured the policy sued on, the Continental company returned him his policy in that company.  This was some time before the fire.  Appellant also admits that he did not notify appellee or its agent of the fact that his policy in the Continental company had been returned.  He retained the Continental policy, and after the fire, made proof of loss under the Continental policy and received from that company $288.44, less a premium note which he owed the company.

It is quite clear that at the time the policy sued on was issued by appellee company, both parties understood that the policy of the Continental company was not in force.

However, before the fire, appellant received back from the Continental company his policy in that company and kept it. It was clearly his duty then, either to have returned the policy to the Continental company and disclaimed any claim under it, or to have notified the agent of appellee and secured from him, if he could, his consent to the retention of the Continental policy. He could not hold the Continental policy and at the same time enforce the policy sued on, unless he secured the consent of appellee to his carrying of both policies. The terms of the policy sued on expressly forbid it. As the appellant did not return the Continental policy to that company and disclaim any right or benefit under it, but held it without securing the consent of appellee that he might do so, it follows that there can be no recovery on the policy issued by appellee.

In this veiw it would be useless to discuss the other questions raised in the case.

The judgment of the City Court is affirmed.

*Judgment affirmed.*